516 A.2d 410

Mary E. Kurtz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 11, 1986, to Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*James L. Cowden, Handler, Gerber, Johnston, Strokoff & Cowden,* for petitioner.

*Samuel H. Lewis,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 17, 1986:

Does a claimant remain eligible for unemployment compensation, on the basis that a job termination was for a necessitous and compelling cause, where the claimant has quit in order to marry and join a spouse employed in a distant location?

Claimant Mary E. Kurtz has appealed a denial of her unemployment compensation claim, issued by a referee and the Unemployment Compensation Board of Review on the ground that her unemployment was "due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The referee's findings of fact are not in dispute. The claimant worked as an office clerk for the Indiana University of Pennsylvania, at Indiana, Pennsylvania, from January 1977 until June, 1984. She resigned effective June 22, 1984. On June 23, 1984, she married a spouse living and working in Harrisburg, Pennsylvania, where they established their home together.

The claimant relies upon *Richards v. Unemployment Compensation Board of Review,* 491 Pa. 162, 420 A.2d 391 (1980), for the proposition that "a husband or wife who quits employment to join a spouse at another location, out of economic necessity, is not disqualified from eligibility for unemployment benefits." (Claimant's brief.) Further, the claimant cites this court's leading decision by President Judge CRUMLISH in *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982), stating:

[W]here a spouse relocates due to a change in career or educational objectives, [it] is the other spouse's desire and, traditionally, obligation to accompany the moving spouse to the new locality. This preservation of the family unit, though socially desirable, does not, in itself, give rise to necessitous and compelling reason under §402(b)(1). See Richards v. Unemployment Compensation Board of Review, 491 Pa. 162, 420 A.2d 391 (1980). *To circumvent this limitation on benefits, the following spouse need only show an economic hardship in maintaining two residences or that the move has resulted in an insurmountable commuting problem.*

69 Pa. Commonwealth Ct. 201, 205, 450 A.2d 775, 777 (1982) (emphasis added). Of course, in *Wheeler* this court went on to note that, for eligibility, the record must establish that the new living site was beyond the control of the parties, rather than a matter of personal preference.

Accordingly, this court must deny the claimant's request to overturn the board decision for two reasons.

First, because there was here no family unit in existence at the time of the claimant's job termination, the following-spouse case doctrine simply does not apply.

Secondly, even if this court were to apply that doctrine to the situation of a betrothed couple, the claimant has failed to establish that circumstances required that their new household be located in Harrisburg. Although the 167-mile distance between Indiana and Harrisburg may well foreclose the possibility of reasonable commuting between those two places, the claimant's bald assertion that her husband had a "better" job in Harrisburg does not establish the necessity of her move to Harrisburg, as distinguished from the possibility of locating their household in or near the Indiana University em-

ployment which she gave up. The claimant's entire position appears to rest upon a premise that circumstances required that she accommodate her husband's situation by making their home in Harrisburg, but this record shows that premise to have been assumed—perhaps on the basis of traditional concepts—but not established by evidence.

The board's decision is affirmed.

ORDER

Now, October 17, 1986, the decision of the Unemployment Compensation Board of Review, No. B-237722-B, dated April 16, 1985, is affirmed.