551 A.2d 401

Mechanicsburg Area School District, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

136

Argued November 3, 1988, before Judges DOYLE and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Richard C. Snelbaker, Snelbaker & Elicker,* for petitioner.

*Maribeth Wilt-Seibert,* with her, *Gary L. Kelley,* Assistant Counsel, and *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 15, 1988:

Before this Court is an appeal by the Mechanicsburg Area School District (Employer) from an order of the Unemployment Compensation Board of Review

(Board), affirming a referee's decision granting benefits to Barbara A. Vollmar (Claimant).

Claimant was employed as a secretary by Employer for three years. Her last day of work was March 31, 1987. In July, 1986, Claimant's husband was informed that the company with which he was employed would be going out of business in September, 1986. Claimant's husband did attempt to obtain employment in the Harrisburg/Mechanicsburg area but was unsuccessful.

On September 15, 1986, Claimant's husband accepted employment with Brooks Equipment Corporation[1] which is located in Bethlehem, Pennsylvania. Bethlehem is located in excess of 100 miles from Claimant's Mechanicsburg residence and, thus, would have required Claimant's husband to make a one-way commute of approximately two hours. Claimant and her husband could not afford two separate residences; therefore, Claimant voluntarily terminated her employment in order to join her husband.

Employer asserts that Claimant's voluntary termination of her employment was not for cause of necessitous and compelling nature, and, therefore, under Section 402(b) of the Unemployment Compensation Law (Law),[2] Claimant should have been denied benefits. We do not agree.

Where a claimant voluntarily terminates his or her employment, the claimant bears the burden of establishing that his or her termination was for cause of a necessitous and compelling nature. *Ryan v. Unemploy-*

---

[1] The Board found that Claimant's new employment was with Brooks Equipment *Corporation*. Our review of the record, however, reveals that it was actually a partnership, with four equal partners. Claimant's husband was an equal partner.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

*ment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 465, 487 A.2d 1026 (1985). In order to meet that burden, where a claimant voluntarily terminates employment to follow his/her spouse to a new location, the claimant must show that there is an economic hardship in maintaining two residences or that the move has resulted in an insurmountable commuting problem, and that the claimant's termination is the direct result of the other spouse's relocation. *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 201, 450 A.2d 775 (1982). A claimant must further demonstrate that the relocation was caused by circumstances beyond the control of the spouse who is relocating and not brought about by a purely personal preference. *Id.*

It is not disputed that the 100 mile distance between Mechanicsburg, near Harrisburg, and Bethlehem presents an insurmountable commuting problem. Moreover, there is substantial evidence in the record to establish that Claimant and her husband are economically unable to afford two separate residences. Thus, the only issue left for this Court to determine is whether the relocation was caused by circumstances beyond the control of the relocating spouse.

Employer concedes that in July, 1986, Claimant's husband was informed that his employer's business would cease operations effective September 1, 1986. Employer contends, however, that the record is devoid of any evidence that Claimant's husband attempted to secure employment in the Mechanicsburg/Harrisburg area. We do not agree. Claimant herself testified that her husband attempted to secure employment "on par" with his previous position in the general area of their home, but that his efforts were fruitless and, as a result, he was forced to secure his new employment out of town. The Board found her testimony to be credible

and, therefore, we will not disturb it upon review. *See Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

Employer asserts that Claimant's husband merely took the job in Bethlehem because it offered him an opportunity to enter into a "partnership" and that his motive in accepting the position was one of personal gain. Again, we do not agree. Claimant testified that "there [were no jobs] that would be on par with what he was doing" and that he took the job in Bethlehem because it was an excellent job opportunity. This Court does not believe that a claimant's husband or wife should be forced to take what is, in effect, a demotion in employment status in order to remain within the same geographical location. All that is required is a genuine, good faith effort by the relocating spouse to obtain, within the same geographical location, employment that is somewhat equivalent to his/her previous employment. Therefore, the fact that Claimant's husband obtained a better position as an equal member of a partnership should not detrimentally affect Claimant's ability to receive benefits *unless* this is the *only* reason that he accepted the Bethlehem job; that is, that it was a voluntary transfer on his part and the change was not foisted on him by other circumstances. Here, the record clearly establishes that Claimant's husband had been laid off and was forced to seek other employment. Further, the record does not establish that Claimant's husband refused or failed to seek equivalent employment locally.

Finally, we wish to make it clear that we are disinclined to interpret Section 402(b) in a way that would disrupt family unity. In the case before us, there was ample evidence for the Board to conclude that it would have been impossible for Claimant to maintain her previous job with Employer due to the distance between

140

her husband's place of employment and her own, and that her husband's relocation was motivated by compelling reasons. *See Stevens v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 239, 473 A.2d 254 (1984). Accordingly, we affirm the order of the Board.

ORDER

Now, December 15, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.