639 A.2d 1317

**Paula J. LECHNER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 27, 1993.

Decided March 31, 1994.

Anthony B. Trambley, for petitioner.

Judith M. Gilroy, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Paula J. Lechner (Claimant) appeals from an order of the Unemployment Compensation Board of Review which affirmed the referee's decision denying Claimant's request for benefits. The issue presented is whether Claimant is ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b),[1] due to Claimant's voluntary termination of her employment in Ohio to rejoin her family in Pennsylvania.

Claimant testified that in June 1991, she and her husband were unemployed and living in St. Marys, Pennsylvania when Claimant accepted a job as a research and development chemist for Ben Venue Laboratories (Employer) in Bedford, Ohio at an annual salary of $26,000. Claimant further testified that her husband and children moved to Ohio but returned to Pennsylvania when Mr. Lechner, unable to locate work in Ohio, was recalled to his previous job at an annual salary of $20,000. Mr. Lechner was again laid off in July 1991 and recalled to work in September 1991. After one year, Claimant quit her job in Ohio because she and her husband could no longer afford to maintain two residences and the stress from living apart was too great. The commuting time between Bedford and St. Marys is approximately four and one-half hours each way.

■ The Bureau of Unemployment Compensation Benefits and Allowances (Bureau) granted Claimant benefits and Em-

1. Section 402(b) provides that an employee shall be ineligible for compensation for any week in which his employment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

This case was reassigned to the author of this opinion on March 1, 1994.

ployer appealed, contending that Claimant is ineligible for benefits under Section 402(b) of the Law. The referee reversed the Bureau's decision, and on further appeal, the Board made the following pertinent findings of fact:

6. When the husband was again recalled to work, he and the children moved back to Pennsylvania where the family could provide child care. The claimant remained in Ohio for approximately a year.

7. The commuting time between Bedford, Ohio and St. Marys, Pennsylvania is approximately 4½ hours each way.

8. When claimant and her husband could no longer afford to maintain two residences and the stress of living apart became too great, claimant voluntarily quit her job to move back to St. Marys, Pennsylvania.

The Board expressly concluded that Claimant could not regularly commute the distance between the two locations and accepted her claim that it was no longer financially feasible to maintain two residences. The Board nonetheless determined that Claimant did not have a necessitous and compelling reason to quit her job, but rather made a personal choice to quit.[2]

On appeal to this Court, Claimant argues that the Board erred in determining that she voluntarily quit her job without cause of a necessitous and compelling nature since Claimant could not commute between Ohio and Pennsylvania or maintain two residences. A claimant who voluntarily quits a job bears the burden of proving that the termination was caused by reasons of a necessitous and compelling nature. *Quinn, Gent, Buseck & Leemhuis, Inc. v. Unemployment Compensation Board of Review*, 147 Pa.Commonwealth Ct. 141, 606 A.2d 1300 (1992); *Kligge v. Unemployment Compensation Board of Review*, 89 Pa.Commonwealth Ct. 30, 491 A.2d 325 (1985). Whether a claimant had cause of a necessitous

2. This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the Board's findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

and compelling nature to quit a job is a conclusion of law based upon the underlying findings of fact and is reviewable by this Court. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

A claimant who voluntarily quits a job because of family obligations can satisfy his or her burden of proof by showing an economic hardship in maintaining two residences or that a move has resulted in an insurmountable commuting problem. *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa.Commonwealth Ct. 201, 450 A.2d 775 (1982). Also, a claimant must demonstrate that the transition was caused by circumstances beyond the spouse's control and not brought about by purely personal preference, and moreover, that the resignation represents a reasonable and good faith decision. *Id.*

In *Steck v. Unemployment Compensation Board of Review,* 78 Pa.Commonwealth Ct. 514, 467 A.2d 1378 (1983), this Court granted benefits to a claimant who quit her job to move with her husband and children to a warmer and drier climate due to the husband's medical condition. This Court stated that its primary concern in the case was the reason for the family's move. Since the claimant's husband did not move out of personal whim or choice and the claimant could not retain her employment and simultaneously remain with her family, this Court determined that the claimant's decision to quit was reasonable and undertaken in good faith. Quoting *Kleban v. Unemployment Compensation Board of Review,* 73 Pa.Commonwealth Ct. 540, 459 A.2d 53 (1985), the Court reiterated legislative intent that the family obligation to join a relocated spouse can constitute, under appropriate circumstances, cause of a necessitous and compelling nature to terminate one's employment. However, mere assertion of this obligation is not enough.

The Board maintains that since Claimant's job in Ohio paid a higher salary than her husband's, the decision to reunite with her family in Pennsylvania does not constitute reason of a

necessitous and compelling nature.[3]   The Board relies upon *Kurtz v. Unemployment Compensation Board of Review*, 101 Pa.Commonwealth Ct. 299, 516 A.2d 410 (1986), *appeal denied*, 516 Pa. 644, 533 A.2d 715 (1987), in which this Court denied benefits to a claimant whose voluntary resignation from her job at Indiana University became effective one day before her marriage.   Claimant quit to join her new spouse employed in Harrisburg.   The Court stated that the following-spouse doctrine does not apply to couples who are not yet married, and even if the doctrine were applicable in *Kurtz*, the claimant failed to sustain her burden of establishing that circumstances necessitated her move to Harrisburg.   *Kurtz* is distinguishable however because the claimant was not yet married at the time of her voluntary separation, and moreover the couple did not experience the circumstances the Board found to exist in the case sub judice.

The Board found that child care was one of the considerations for the family's return to Pennsylvania but that the stress of living apart, the cost of maintaining two residences, and the insurmountable commute were the reasons Claimant quit her job.   Since the Board found that Mr. Lechner's relocation to Pennsylvania was brought about by his recall to work, Claimant established that her husband's move was caused by circumstances beyond his control and not by mere personal preference or whim.   Where, as here, a claimant makes a laudable effort to maintain employment by moving her family a great distance, and as found by the Board is thereafter forced to terminate her employment when faced with stressful circumstances beyond her control and insur-

**3.**   The Board requests this Court to consider that Mr. Lechner's job was "less secure" than Claimant's because he had a history of layoffs although the Board made no findings regarding the future job security of either Claimant or her husband or their respective costs of maintaining two residences.   *Compare Kleban* (claimant who voluntarily quit her job to live with her husband whose work required regular transfers to temporary jobs in different cities did not establish a necessitous and compelling cause for quitting the claimant's job); or *Schechter v. Unemployment Compensation Board of Review*, 89 Pa.Commonwealth Ct. 24, 491 A.2d 938 (1985) (benefits denied to a claimant who quit her job to join her husband where the couple had resided apart and maintained separate residences from beginning of their marriage).

mountable commuting problems as well, the decision to terminate employment rises above mere personal whim or choice and instead represents a reasonable response to causes of a necessitous and compelling nature. The circumstances which existed prior to Claimant's decision must guide this Court in determining whether her voluntary quit was for cause of a necessitous and compelling nature. *Schechter v. Unemployment Compensation Board of Review,* 89 Pa.Commonwealth Ct. 24, 491 A.2d 938 (1985). Accordingly, the Board's order is reversed.

### ORDER

AND NOW, this 31st day of March, 1994 the order of the Unemployment Compensation Board of Review is reversed.

SILVESTRI, Senior Judge, dissenting.

Because I disagree with the majority's conclusion that Claimant met her burden of demonstrating that her voluntary termination of employment, in order to rejoin her family in Pennsylvania, was for necessitous and compelling reasons, I respectfully dissent.

Claimant worked for Ben Venue Laboratories (Employer) in Bedford, Ohio. She was employed from June of 1991 until May 1, 1992 at a final rate of $26,000 per year. When Claimant accepted her position with Employer, she and her husband were both unemployed and living in Pennsylvania. Claimant, her husband, and their children moved to Ohio when she accepted the position. Shortly thereafter, Claimant's husband was recalled to work in St. Marys, Pennsylvania. He returned to his job and was subsequently laid off in July of 1991; he was again recalled in September of 1991 at a rate of $20,000 per year. Claimant's husband and their children moved back to Pennsylvania where family members could assist with child care. Claimant remained in Ohio.

Claimant quit her job in May of 1992 in order to move back to Pennsylvania and join her family. She applied for unemployment compensation benefits. The Bureau of Unemploy-

ment Compensation Benefits and Allowances (Bureau) granted said benefits. On appeal, however, the referee reversed the Bureau's determination finding that Claimant's voluntary termination of her employment was not for necessitous and compelling reasons pursuant to Section 402(b) of the Pennsylvania Unemployment Compensation Law [1].

The Board affirmed on the same basis making the following relevant findings of fact:

7. The commuting time between Bedford, Ohio and St. Marys, Pennsylvania is approximately 4½ hours each way.

8. When claimant and her husband could no longer afford to maintain two residences and the stress of living apart became too great, claimant voluntarily quit her job to move back to St. Marys, Pennsylvania.

9. Continuing work was available if claimant had not quit.

(Board's decision, p. 1)

The Board went on to conclude, based upon the record, that *"[C]laimant and her husband made a personal choice to reunite the family at their residence in Pennsylvania, where the husband worked at a job subject to layoffs and earned a substantially lower rate of pay than the claimant's."* (Emphasis added). (Board's Decision and Order, p. 2). The Board, therefore, determined that Claimant's reasons for quitting her job were not necessitous and compelling and that Claimant was therefore not entitled to benefits.

This Court's scope of review in an unemployment compensation case is limited to determining whether constitutional rights have been violated, an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. *Phoebus v. Unemployment Compensation Board of Review,* 132 Pa.Commonwealth Ct. 518, 573 A.2d 649 (1990).

As noted by the majority, a claimant who voluntarily quits a job bears the burden of proving that the termination was caused by reasons of a necessitous and compelling nature.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

*Kligge v. Unemployment Compensation Board of Review,* 89 Pa.Commonwealth Ct. 30, 491 A.2d 325 (1985). Additionally, this Court has held that where a family member voluntarily quits his or her job, the claimant can satisfy his or her burden of demonstrating that said termination was for necessitous and compelling reasons by showing economic or commuting hardship. *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa.Commonwealth Ct. 201, 450 A.2d 775 (1982). However, in *Wheeler,* we went on to emphasis that in order to be eligible for benefits, the record must establish that the new living site was beyond the control of the parties, rather than a matter of personal preference. In *Kurtz v. Unemployment Compensation Board of Review,* 101 Pa.Commonwealth Ct. 299, 516 A.2d 410 (1986), *appeal denied,* 516 Pa. 644, 533 A.2d 715 (1987), we emphasized this point.

Although in *Kurtz* we determined that an unmarried claimant was not eligible for benefits when she voluntarily terminated her employment to be with her fiance who had taken employment elsewhere because she was not yet married, we noted that even if the claimant in *Kurtz* had, in fact, been married, she would not have been entitled to benefits. We stated:

> [E]ven if this court were to apply that doctrine (the following the spouse doctrine) to the situation of a betrothed couple, the *claimant has failed to establish that circumstances required that their new household be located in Harrisburg.* Although the 167–mile distance between Indiana and Harrisburg may well foreclose the possibility of reasonable commuting between those two places, the claimant's bald assertion that her husband has a "better" job in Harrisburg does not establish the necessity of her move to Harrisburg, as distinguished from the possibility of locating their household in or near the Indiana University employment which she gave up. *The claimant's entire position appears to rest upon a premise that circumstances required that she accommodate her husband's situation by making their home in Harrisburg, but this record shows that prem-*

*ise to have been assumed—perhaps on the basis of traditional concepts—but not established by evidence.*

*Kurtz,* 101 Pa.Commonwealth Ct. at 301–302, 516 A.2d at 412. (Emphasis added).

I disagree with the majority that *Kurtz* is distinguishable and inapplicable to the facts before us. Here, the Board specifically concluded, based upon its review of the record, that although Claimant and her husband did suffer economic and commuting hardships, as did the claimant in *Kurtz,* Claimant's reason for voluntary quitting her employment and deciding to make her home in Pennsylvania, rather than Ohio, was based upon a personal choice. An independent review of the record reveals that there was substantial evidence to support this conclusion. Therefore, consistent with our scope of review, I would affirm the Board as its determination that claimant did not voluntarily quit her employment for reasons of a necessitous and compelling nature was not in error.