**GLEN MILLS SCHOOLS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 16, 1995.
Decided Sept. 28, 1995.
As Amended Oct. 12, 1995.

Mari I. Gangadean, for petitioner.

David B. Washington, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Glenn Mills Schools (Employer) appeals an order of the Unemployment Compensation Board of Review, which reversed the decision of the referee and granted benefits to Najat W. Mourad (Claimant).

The Board's findings of fact are summarized as follows. Claimant, who resided with her husband in Kennett Square, Chester County, was employed as a part-time dental hygienist by Employer for approximately three years. Claimant's husband is a physicist, has a Ph.D, and worked in a highly specialized field for the DuPont Corporation. On November 30, 1993, he lost his job with DuPont and thereafter, unsuccessfully, sought local employment (he was unable to even get an interview). After seeking employment for more than four months, Claimant's husband learned of an opening in Maryland, and was ultimately hired by that employer. The distance between Claimant's previous home in Pennsylvania and the location in Maryland was 140 miles, resulting in at least a 2½ hour commute one way. At first, Claimant's husband commuted home on the weekends but when this arrangement became burdensome he discontinued the commute. Because it was not economically feasible for Claimant and her husband to maintain separate residences, in May of 1994, Claimant voluntarily quit her employment and moved to Maryland to be with her husband.

Claimant filed for unemployment benefits, and the Interstate Claims Office concluded that she had a necessitous and compelling reason to leave her employment and was, therefore, not ineligible for benefits under Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law).[1] Employer appealed to the referee, who reversed the award of benefits. Claimant appealed to the Board, which, after a remand to the referee, issued a decision reversing the referee and granted Claimant benefits, holding that Claimant was not ineligible for benefits under Section 402(b) of the Law. The Board reasoned as follows:

[T]he claimant has established that her spouse's acceptance of a job in Maryland was not one of mere personal choice. The claimant's husband is trained in highly specialized field and he was unemployed for over four months and seeking work in the local area. Unable to get an interview or a response from prospective employers, claimant's husband was offered the position in Maryland; thus, this was not a whim on the part of the claimant's spouse. The Pennsylvania courts have consistently held that a claimant who has quit employment to follow a spouse must also establish *either* economic hardship in maintaining two residences *or* an insurmountable commuting distance in order to remain eligible for benefits. The claimant here has demonstrated both....

[T]he claimant has established that her husband's income is over twice as much as hers. Accordingly, the Board must conclude that the claimant had cause of a necessitous and compelling nature for voluntarily quitting her employment.

(Board Opinion at 2.) (Emphasis in original.) This appeal followed.

Employer contends that (1) the Board erred in holding that Claimant had a necessitous and compelling reason to voluntarily terminate her employment, and (2) the Board erred in awarding Claimant benefits because she was an independent contractor and, thereby, ineligible under Section 402(h) of the Law, 43 P.S. § 802(h).

Regarding the first issue, a claimant who voluntarily quits a job has the burden of proving that the termination was

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). This Section provides:
An employe shall be ineligible for compensation for any week—
(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature....

caused by reasons of a necessitous and compelling nature. *Lechner v. Unemployment Compensation Board of Review,* 163 Pa. Cmwlth. 111, 639 A.2d 1317 (1994). A claimant must show that he or she acted with ordinary common sense in quitting and that a reasonable effort was made to maintain the employment relationship. *Stiffler v. Unemployment Compensation Board of Review,* 64 Pa.Cmwlth. 44, 438 A.2d 1058 (1982). Whether an employee had a necessitous and compelling reason to leave his or her employment is a question of law reviewable by this Court. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

■■■ In situations where a claimant terminates employment due to a move to join a relocating spouse, the claimant's burden is satisfied if an economic hardship in maintaining two residences is demonstrated, or that a move has resulted in an insurmountable commuting problem. *Lechner.* The necessity to move must be caused by circumstances beyond the control of the claimant's spouse and not by personal preference, and the decision to move must be reasonable and made in good faith. *Id.* The above principles reflect a legislative intent to allow the family obligation of joining a relocated spouse, under the proper circumstances, to constitute cause of a necessitous and compelling nature to leave one's employment. *Steck v. Unemployment Compensation Board of Review,* 78 Pa.Cmwlth. 514, 467 A.2d 1378 (1983).

Employer argues that the record does not show that Claimant's husband made an effort to find local employment, that there was an insurmountable commuting problem, or that there was an economic hardship in maintaining two residences. Contrary to Employer's argument, however, we find that the record more than adequately supports the Board's decision.

■■■ While Claimant's husband's testimony did not specifically describe all the details of his job search, it is clear from his testimony that he was unable to find local employment because of his unique occupation and highly specialized skills. We conclude that he made a good faith effort to find local employment and that his decision to accept employment in Maryland was not a mere personal choice, but was caused by circumstances beyond his control. *Mechanicsburg Area School District v. Unemployment Compensation Board of Review,* 122 Pa.Cmwlth. 135, 551 A.2d 401 (1988) (where claimant testified that her husband sought local employment on par with his previous position but the search was fruitless, that testimony was substantial evidence showing that claimant's husband made an effort to secure local employment).

■■■ Further, the Board found that Claimant's home in Pennsylvania was 140 miles from her new home in Gaithersburg, Maryland, and that the commute between those locations was 2½ hours one way in light traffic. Claimant testified that her husband attempted to commute on weekends between the two locations "for about a month and he could not do it every day." (Notes of Testimony at 3; Reproduced Record at 35a.) Her husband testified that commuting on weekends was a burden and that commuting on a daily basis would be impossible. Comparing Claimant's 5 hour round trip time with an average 8 hour work day, it is obviously unreasonable to commute such a distance each day. *See Womeldorf, Inc. v. Unemployment Compensation Board of Review,* 59 Pa.Cmwlth. 627, 430 A.2d 722 (1981) (claimant whose work was reassigned to a facility 80 to 100 miles from his old job site demonstrated good cause for declining the assignment in light of the undue commute); *see also Mechanicsburg* (parties did not dispute that a 100 mile commute one way presented an insurmountable commuting problem). Therefore, we hold that Claimant demonstrated that she was faced with an insurmountable commuting problem.[2]

2. Employer also argues that Claimant failed to present any evidence showing that she would suffer an economic hardship by maintaining two residences. While we need not reach this argument, we recognize that the Board found as fact that it was not economically feasible for the claimant and her husband to maintain two residences. While the evidence supporting that finding is slim, Claimant testified that it was not possible for her to rent a home in Pennsylvania because of the long unemployment of her husband. It is reasonable to infer from Claimant's

Last, Employer contends that the Board erred in failing to determine whether Claimant was an independent contractor and, therefore, ineligible for benefits under Section 402(h) of the Law. Employer raised this issue before The Interstate Job Center, but neither the Job Center nor the Board[3] ever made a determination of whether Claimant was ineligible for benefits under Section 402(h). A remand for a determination on this issue is unnecessary, however, because we find that Claimant's occupation, dental hygienist, precludes her as a matter of law from being self-employed.

Of course, a self-employed person is ineligible for benefits under Section 402(h) of the Law, but, for a claimant to be self-employed, he or she must be free from control or direction over the performance of services and must be engaged in an independently established trade, occupation, profession or business. *Kerstetter v. Unemployment Compensation Board of Review,* 79 Pa.Cmwlth. 166, 468 A.2d 900 (1983). Section 2 of the Dental Law[4] describes the duties of a dental hygienist as follows:

> A **"Dental Hygienist"** is one who is legally licensed as such by the said dental council and examining board to perform those educational, preventive, and therapeutic services and procedures that licensed dental hygienists are educated to perform. Licensed dentists may assign to their employed dental hygienists intra-oral procedures which the hygienists have been educated to perform.... Such assignments *shall be under the supervision of a licensed dentist.* Such performance of intra-oral procedures by licensed dental hy-

> gienists *shall be in the office of a dentist or public or private institution such as schools, hospitals, orphanages, and sanitoria or State health cars....*

63 P.S. § 121 (emphasis added). Hence, under Section 2 of the Dental Law, a dental hygienist may not operate an independent business, but must always work under the direct supervision of a dentist. If a dental hygienist attempts to work independently, his or her license may be revoked. For example, in *Edwards v. State Dental Council and Examining Board,* 71 Pa.Cmwlth. 139, 454 A.2d 218 (1983), we rejected a dental hygienist's constitutional challenge to Section 2 of the Dental Law, and affirmed an order of the Dental Council revoking her license for performing services without being under the direct supervision of a dentist. Therefore, because Claimant cannot be self employed as a matter of law, we hold that she is not ineligible for benefits under Section 402(h) of the Law.

Accordingly, the Board's order is affirmed.

### *ORDER*

NOW, September 28, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned is hereby affirmed.

---

testimony that her economic situation prevented her from maintaining two residences. In light of the above, we hold that the Board did not err in concluding that Claimant would sustain an economic hardship if she were forced to maintain residences in Pennsylvania and Maryland.

**3.** Although the referee in his opinion discussed the matter, he never made a definitive ruling to determine the issue.

**4.** Act of May 1, 1933, P.L. 216, *as amended,* 63 P.S. § 121.