**Kimberly S. MARLIN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1995.

Decided March 26, 1996.

Robert Land, for Petitioner.

Irene M. Bizzoso, Assistant Counsel and Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Kimberly S. Marlin (Claimant) appeals from a decision of the Unemployment Com-

pensation Board of Review (UCBR) affirming the decision of a referee to deny unemployment compensation benefits to Claimant under section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant began working for Bell Atlantic (Employer) as a light truck driver on February 12, 1990. Claimant's work day normally started at 6:00 a.m., and employees usually took a fifteen minute morning break. (UCBR's Findings of Fact, Nos. 1, 9.)

On January 18, 1995, at approximately 6:50 a.m., an assistant manager for Employer observed Claimant and Melanie Albright, a coworker, taking an unauthorized break at a restaurant. The assistant manager heard them state that they would conceal their unauthorized break by starting their tachographs upon leaving the restaurant.[2] The assistant manager then saw Claimant reach into her truck and open her tachograph. At approximately 7:00 a.m., the assistant manager reported the incident to Claimant's manager. (UCBR's Findings of Fact, Nos. 2–5, 7.)

At the end of Claimant's work day, Employer printed Claimant's tachograph, which indicated that she left Employer's premises with the truck at 7:45 a.m. Employer then told Claimant to seek union representation for an investigative meeting. (UCBR's Findings of Fact, Nos. 10–11.)

At the meeting, Claimant's manager asked Claimant to account for her activities during the day. Initially, Claimant stated that she did not leave Employer's premises with the truck until 7:45 a.m.; however, knowing this to be false, Claimant's manager gave her another chance to tell the truth. Claimant then stated that she stopped at the restaurant at 7:15 a.m. for ten minutes and did not start her tachograph until she left.[3] (UCBR's Findings of Fact, Nos. 12–16.)

Employer then suspended Claimant for taking an unauthorized break, for attempting to conceal the fact by violating Employer's tachograph procedures and for not telling the truth afterwards. On January 20, 1995, Employer converted the suspension into a discharge from employment. (UCBR's Findings of Fact, Nos. 20–22.)

On January 22, 1995, Claimant filed an application for benefits at the local job center, which, at first, approved the application and paid her benefits. However, after the job center received information from Employer concerning Claimant's discharge from employment, the job center revised its decision and denied Claimant's application under section 402(e) of the Law. The job center also determined that the benefits paid to Claimant prior to the revised decision constituted a non-fault overpayment under section 804(b)(1) of the Law.[4] Claimant appealed the revised decision, and a hearing was held before a referee.

At the hearing, Claimant testified on her own behalf and offered the testimony of Melanie Albright and Townsend Himes, coworkers, and Sandra Marlin, Claimant's stepmother.[5] Employer presented the testimony of Gerard Quinlan, Employer's Manager of Transportation Services, Jack McGowan, Assistant Manager of Fleet Operations, and

---

1. Section 402(e) of the Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), provides that an employee shall be ineligible for compensation for any week in which her unemployment is due to discharge from work for willful misconduct connected with her work.

2. A tachograph is a device which Employer uses to follow truck movements. An employee is supposed to start her tachograph when leaving Employer's premises with a truck. The tachograph then records on a chart the truck's speed in relation to the time of day. (UCBR's Findings of Fact, Nos. 6, 8.)

3. Although Employer gave Claimant several opportunities to tell the truth, Claimant never fully explained her activities prior to 7:45 a.m. on January 18, 1995. (UCBR's Finding of Fact, No. 17.)

4. Section 804(b)(1) of the Law, 43 P.S. § 874(b)(1), provides in pertinent part that a person who, other than by reason of her fault, has received any sum as compensation to which she was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to her with respect to such benefit year.

5. Claimant was represented by her union. (O.R., Item No. 8, N.T. at 1.)

Michael Ryan, Assistant Manager of Transportation Services.

Based on the evidence presented, the referee accepted the testimony of Employer's witnesses and affirmed the job center's determination denying benefits. Claimant appealed to the UCBR, which affirmed the decision of the referee.

On appeal to this court,[6] Claimant argues that the UCBR erred as a matter of law in concluding that Claimant's conduct rose to the level of willful misconduct.[7] We disagree.

Willful misconduct has been defined as: (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

Here, the UCBR found that Claimant took an unauthorized break with a co-worker and then deliberately tried to conceal the fact from Employer by violating Employer's tachograph procedures. (UCBR's Findings of Fact, Nos. 2–5.) The UCBR also found that, afterward, Claimant lied to Employer about her activities; indeed, the UCBR found that Claimant has never given Employer a full

and truthful account of her whereabouts prior to 7:45 a.m. on January 18, 1995. (UCBR's Findings of Fact, Nos. 13–17.) Certainly, such conduct constitutes an act of wanton or willful disregard of Employer's interest and a disregard of standards of behavior which Employer has a right to expect of Claimant.

Accordingly, we affirm.

### ORDER

AND NOW, this 26th day of March, 1996, the order of the Unemployment Compensation Board of Review, dated May 18, 1995, is affirmed.

---

6. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *Steinberg Vision Associates v. Unemployment Compensation Board of Review,* 154 Pa.Cmwlth. 486, 624 A.2d 237 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

7. We note that Claimant's Petition for Review presents the following arguments: (1) the UCBR's findings are not supported by substantial evidence; (2) the UCBR decision is based on an error of law; and (3) the facts as found do not support the conclusion that Claimant's actions amount to willful misconduct. (Petition for Review, paras. 5–7.)

Claimant's Statement of Questions Involved, however, omits the substantial evidence challenge, presenting only the following question: whether the UCBR erred as a matter of law in concluding that Claimant's conduct rose to the level of willful misconduct. (Claimant's brief at 3.) Because the Statement of Questions Involved does *not* challenge the UCBR's findings, we will address only whether the facts as found rise to the level of willful misconduct. *See* Pa.R.A.P. 2116(a).

Claimant also asks this court to remand the case for the taking of additional evidence on Employer's policy of progressive discipline. However, it is not our purpose to determine whether Employer should have disciplined Claimant in some other fashion than by discharge; we simply consider whether Claimant is entitled to unemployment compensation benefits under the Law. Thus, we will not address Claimant's second issue.