**ALLEGHENY VALLEY SCHOOL,**
Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted Aug. 9, 1996.

Decided Sept. 10, 1996.

Arthur D. Feldman, for Petitioner.

Sarah C. Yerger, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Allegheny Valley School (Employer) appeals from an order of the Unemployment Compensation Board of Review (UCBR) af-

firming the decision of a referee to dismiss Employer's appeal as untimely filed under section 501(e) of the Unemployment Compensation Law (Law).[1] We reverse.

On August 24, 1995, a Notice of Determination (Notice) granting unemployment compensation benefits was issued to Linda J. Polinski (Claimant).[2] A copy of the Notice was mailed on the same date to Employer at its last known post office address. The postal authorities did not return Employer's copy of the Notice as undeliverable. (UCBR's Findings of Fact, Nos. 1–3.)

The Notice informed Employer that September 8, 1995 was the last day for filing an appeal from the determination. Unemployment compensation authorities did not otherwise misinform or mislead Employer concerning its right to appeal. Nevertheless, Employer did not file an appeal on or before September 8, 1995; rather, Employer waited until November 10, 1995 before filing its appeal. Employer's late filing was not caused by fraud, a breakdown in the appellate system or the non-negligent conduct of a third party. (UCBR's Findings of Fact, Nos. 4–7.) At Employer's request, a hearing on the timeliness and validity of Employer's appeal was held before a referee.

At the hearing, Employer testified that the Notice failed to inform Employer that the job center had granted benefits to Claimant for claim weeks subsequent to July 29, 1995. Employer pointed out that the Notice approved benefits under section 402(a) of the Law for the claim weeks ending July 22, 1995 and July 29, 1995.[3] However, the Notice also *disapproved* benefits under section 402(a) of the Law without specifying any particular

claim weeks. (R.R. at 45a, 49a.) Employer explained that it reasonably interpreted the Notice to mean that the job center granted benefits *only* for the claim weeks listed and, otherwise, disapproved benefits. Employer appealed the determination after receiving a report from the state showing that Employer was still paying unemployment benefits for Claimant.

Based on the evidence presented, the referee found that the Notice *both* approved and disapproved benefits for Claimant. (Referee's Finding of Fact, No. 1; R.R. at 51a.) However, because the Notice did not misinform or mislead Employer regarding its right to appeal, the referee dismissed Employer's appeal as untimely filed. (Referee's Finding of Fact, No. 5; R.R. at 51a.) Employer appealed to the UCBR, which affirmed.

■ On appeal to this court,[4] Employer argues that its appeal should be effective because of the wrongful or negligent conduct of the administrative authorities. We agree.

■ It is well settled that the time limit for filing an appeal under section 501(e) of the Law is mandatory absent fraud or manifestly wrongful or negligent conduct of the administrative authorities. *Blast Intermediate Unit # 17 v. Unemployment Compensation Board of Review,* 165 Pa.Cmwlth. 513, 645 A.2d 447 (1994).

■ Here, the local job center, in completing the Notice, indicated that Claimant was entitled to unemployment compensation for the claim weeks ending on July 22, 1995 and July 29, 1995. However, the local job center

---

**1.** Section 501(e) of the Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 821(e), provides in pertinent part as follows:

> Unless the ... employer ... files an appeal with the [UCBR], from the determination contained in any notice required to be furnished by the department ..., within fifteen calendar days after such notice ... was mailed to his last known post office address ..., such determination ... shall be final....

**2.** We note that the UCBR incorrectly found that the Notice was issued on September 8, 1995. (*See* R.R. at 45a, 49a.)

**3.** Section 402(a) of the Law, 43 P.S. § 802(a), provides that an employee shall be ineligible for compensation for any week in which the unemployment is due to failure, without good cause, to accept suitable work when offered by any employer.

**4.** Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *Steinberg Vision Associates v. Unemployment Compensation Board of Review,* 154 Pa.Cmwlth. 486, 624 A.2d 237 (1993).

also indicated on the Notice that benefits were *disapproved* under section 402(a) of the Law and, in doing so, did not specify any particular claim weeks.[5] Administrative authorities evidently *ignored* the disapproval and paid Claimant benefits not only for the claim weeks ending July 22, 1995 and July 29, 1995, *but also for subsequent claim weeks.*

Quite clearly, someone erred. Either the local job center improperly completed the disapproval portion of the Notice, or the administrative authorities incorrectly ignored the disapproval. In either case, someone other than Employer was manifestly negligent. Employer did not realize the mistake until the state sent Employer a monthly report showing that Employer was still paying unemployment compensation for Claimant. Under these circumstances, we believe that Employer's appeal is valid.

Accordingly, we reverse and remand this case for further proceedings.

### ORDER

AND NOW, this 10th day of September, 1996, the order of the Unemployment Compensation Board of Review, dated February 22, 1996, is reversed, and this case is remanded for further proceedings.

Jurisdiction relinquished.

---

5. The UCBR's view is that, because benefits were *both approved and disapproved,* a reasonable person would have been put on notice that Claimant was *granted* benefits and, thus, would have taken an appeal. If the Notice had *not* specified the approved claim weeks, we would agree that a notice showing the simultaneous approval and disapproval of benefits would have compelled a reasonable person to appeal the determination. Here, however, where the local job center *approved* benefits for *specific* claim weeks and also generally disapproved benefits, we believe it is reasonable to conclude that the local job center granted benefits *only* for the specified claim weeks.

The UCBR argues in its brief that, "since no weeks were listed under the 'disapproved' section of the determination, it follows that Claimant was not disapproved 'thereafter' as Employer suggests, but was disapproved for *no* weeks." (UCBR's brief at 6.) (Emphasis in original.) We fail to see how a general disapproval could possibly mean complete approval.