Susan NIMITZ, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 27, 1997.

Decided Aug. 19, 1997.

Paul H. Mentzer, Johnstown, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

Susan Nimitz (claimant) appeals from an order of the Unemployment Compensation Board of Review which reversed the decision of the referee and denied claimant benefits. We affirm.

Claimant was employed as a certified nurse's aide by Kinkora Pythian Corporation (employer) from August 1995 until her last day of work on August 23, 1996 at an hourly rate of $6.80. Claimant lived and worked in Duncannon, Pennsylvania. Claimant resided with her son and her roommate.[1] The living expenses were shared between claimant and the roommate. Claimant was responsible for the electricity and day-care expenses as well as some incidentals.

Claimant's roommate was involuntarily transferred to Johnstown, Pennsylvania by his employer, Conrail. Claimant, unable to independently support herself and her son, voluntarily terminated her position with the employer in order to follow her roommate to Johnstown. Claimant then filed for unemployment compensation benefits.

Claimant's application for benefits was denied by the Job Center. Claimant appealed and the matter was heard before a referee.

The referee found that the living arrangement between claimant and her roommate was that of a "family" and that claimant voluntarily quit her employment in order to follow her roommate to his new job. The referee further found that the roommate's transfer was necessary and beyond his control. Based upon these findings, the referee concluded that claimant had met her burden of proving that a necessitous and compelling reason existed for her voluntary termination and granted claimant benefits.

The employer appealed to the board. The board reversed the referee's decision and denied benefits on the grounds that claimant and her roommate were unmarried. Claimant now appeals to this court.[2]

The sole issue raised in this appeal is whether the board erred as a matter of law when it denied benefits upon a determination that claimant's termination was not necessitous and compelling because claimant and her roommate were not married.

Section 402 of the Unemployment Compensation Law provides:

An employee shall be ineligible for compensation for any week—

* * *

(b) In which his unemployment is due to voluntarily leaving work without *cause of a necessitous and compelling nature* irrespective of whether or not such work is in "employment" as defined in this Act: Provided, That a voluntary leaving work because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of a necessitous and compelling nature.

Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802 (emphasis added).

A claimant seeking to collect unemployment compensation bears the burden of proving that a voluntary termination of employment was for "cause of a necessitous and compelling nature." *Steinberg Vision Associates v. Unemployment Compensation Board of Review*, 154 Pa.Cmwlth. 486, 624 A.2d 237 (1993). This burden may be sustained by showing that the conduct was consistent with ordinary common sense and prudence and that the circumstances prompting the severance of employment were real, substantial and reasonable. *Id.* Whether or not one has "cause of necessitous and compelling nature" to quit employment so as to be enti-

1. Claimant refers to this person as her "paramour" in her brief.

2. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987).

tled to collect unemployment compensation benefits is a question of law subject to review by this court. *Id.*

 A claimant who voluntarily terminates employment because of family obligations may be entitled to unemployment compensation benefits upon proof of a cause necessitous and compelling in nature. *Wheeler v. Unemployment Compensation Board of Review,* 69 Pa.Cmwlth. 201, 450 A.2d 775 (1982). In situations where a claimant terminates employment to follow a relocating spouse, the claimant's burden of proof can be satisfied by showing economic hardship in maintaining two residences or that a move has resulted in an insurmountable commuting problem. *Glen Mills Schools v. Unemployment Compensation Board of Review,* 665 A.2d 561 (Pa.Cmwlth.1995). The claimant must also show that the spouse's relocation was for reasons beyond control. *Id.* "The above principles reflect a legislative intent to allow the family obligation of joining a relocated spouse, under the proper circumstances, to constitute cause of a necessitous and compelling nature to leave one's employment." *Id.* at 564.

Here, claimant contends that one who follows a non-spouse should be entitled to the same benefits as one who follows a spouse. We disagree.

We know of no case in which a court of this jurisdiction has indicated that the "quit to follow spouse" doctrine would apply to couples who are not married. Conversely, this court has indicated that an unmarried claimant is not eligible for benefits under this doctrine. *Kurtz v. Unemployment Compensation Board,* 101 Pa.Cmwlth. 299, 516 A.2d 410 (1986). In *Kurtz,* the claimant voluntarily terminated her position in order to join her fiancé who had taken employment elsewhere. *Id.* Because the claimant was not yet married at the time of the termination, this court determined that the "quit to follow spouse" doctrine did not apply. *Id.*

In the present case, the board acted in accordance with *Kurtz* in finding that the "quit to follow spouse" doctrine did not apply to claimant's situation. Claimant has failed to persuade this court that the "quit to follow spouse" doctrine should be extended to cover non-marital relationships. Accordingly, the board did not err in reversing the decision of the referee and denying unemployment compensation benefits.

### ORDER

AND NOW, this 19th day of August, 1997, the order of the Unemployment Compensation Board of Review, dated January 22, 1997, at No. B–357907, is affirmed.