Susan Edwards, Petitioner *v.* Commonwealth of Pennsylvania, State Dental Council and Examining Board, Respondent.

Argued November 16, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and MACPHAIL.

*Joseph F. Castellino,* for petitioner.

*David Felicio,* with him *John J. Flynn,* Counsel, *James J. Kutz,* Assistant Counsel, *David F. Phifer,* Chief Counsel, *Jay Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

*Thomas A. Beckley,* with him *John G. Milakovic, Beckley & Madden,* for Amicus Curiae, Pennsylvania Dental Association.

*Peter M. Sfikas,* with him *Clay H. Phillips, Peterson, Ross, Schloerb & Seidel,* for Amicus Curiae, American Dental Association.

OPINION BY JUDGE BLATT, January 12, 1983:

Susan Edwards (petitioner) appeals here an order of the State Dental Council and Examining Board (Board) which revoked her license to practice dental hygiene pursuant to Section 3(i) of the Dental Law (Law), Act of May 1, 1933, P.L. 216, *as amended,* 63 P.S. §122(i). The alleged violations included *inter alia,* performing dental hygiene services without the direct supervision of a licensed dentist.

The petitioner argues first that Section 2 of the Law, 63 P.S. §121, which provides that a hygienist must work under the supervision of a licensed dentist, deprives her of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

Both parties agree that the right to practice a profession has been characterized as a property right and therefore carries the attendant constitutional protections, *Schware v. Board of Examiners,* 353 U.S. 232 (1957). However, this is not an absolute vested right, *Rabino v. State Registration Board for Professional Engineers,* 69 Pa. Commonwealth Ct. 192, 450 A.2d 773 (1982), and the practice of a profession can legitimately be regulated under a state's inherent police power, that is, under the state's right to regulate for the benefit of the citizenry's health, safety, morals, and welfare. *Watson v. Maryland,* 218 U.S. 173 (1910). *Johnston v. State Board of Medical Education and Licensure,* 49 Pa. Commonwealth Ct. 9, 410 A.2d 103 (1980). When an attack upon a statute is made on due process grounds, the following analysis is required:

[A] law which purports to be an exercise of the police power must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs

must have a real and substantial relation to the objects sought to be attained.

*Gambone v. Commonwealth,* 375 Pa. 547, 551, 101 A.2d 634, 637 (1954) quoted with approval in *McCoy v. State Board of Medical Education and Licensure,* 37 Pa. Commonwealth Ct. 530, 391 A.2d 723 (1978).

The law here in question is directed to safeguarding the public health, undoubtedly part of the state's broad police powers. It insures that hygienists practice only the limited services which their education has prepared them to perform. The hygienist is taught how to perform oral prophylaxis[1] and other minor dental care procedures but is not taught nor is he or she competent to diagnose or to treat the many other diseases or malformed conditions of the mouth. We agree with the Board that treatment is the dentist's role. It is obvious that the educational process of a licensed dentist is far more rigorous and demanding than that of the hygienist. *Compare* 49 Pa. Code §§33.201-291 *with* 49 Pa. Code §§33.101-146. Moreover, as noted in a recent Federal Court case, which upheld the validity of North Carolina's hygienist law against constitutional challenges, the supervision rule assigned to the dentist assures that all patients are given diagnostic checks and that treatment, if needed, could readily be administered. *Delancy v. Garren,* No. 82-339-CIV-5 (E.D. N.C. August 20, 1982). Testimony in that case indicated moreover that the hygienist is trained only to detect gross or obvious diseases of the mouth and that they tend to overlook incipient peridontal disease.[2] *Id.*

[1] Stedman's Medical Dictionary 1307 (21st ed. 1966) defines prophylaxis as "a surface cleaning of the teeth."

[2] Stedman's Medical Dictionary 1205 (21st ed. 1966) defines periodontics as "the branch of dentistry concerned with the study of the normal tissues and the treatment of abnormal conditions of the tissues immediately about the teeth."

Given all of the above, it is clear that the law here in question has a rational basis, is not oppressive or arbitrary, and this Court, therefore, must defer to the wisdom of the legislature. *See Williamson v. Lee Optical, Inc.,* 348 U.S. 483 (1955).

The petitioner also argues that the law is violative of the Equal Protection Clause of the Fourteenth Amendment. Whereas, due process concerns itself with fundamental fairness in the state's dealings with an individual, we must, in considering equal protection claims, "evaluate the disparity of treatment by the state between classes of individuals whose situations are arguably indistinguishable." *McCoy,* 37 Pa. Commonwealth Ct. at 537, 391 A.2d at 726. The fatal flaw in the petitioner's argument, however, is that she fails to articulate where or how one class of individuals is treated differently from any other class. Clearly, there is no discrimination among hygienists, inasmuch as all of the provisions of the law apply equally to all persons engaged in the practice of dental hygiene, none of whom is subjected to restriction, or held entitled to privileges, different from those allowed any other hygienist. *See Western Pennsylvania Restaurant Assn. v. Pittsburgh,* 366 Pa. 374, 77 A.2d 616 (1951) (public health ordinance did not unconstitutionally discriminate against restaurant owners and operators.)

Nonetheless, giving the petitioner the benefit of all doubts and interpreting her brief so as to mean that the alleged classes are the dentists and the dental hygienists, her argument must still fail. Employing a rational basis, *McCoy,* we believe that both the aforementioned differences in training as well as the need to safeguard the public health allow for a distinction, and that this distinction bears a fair and substantial relationship to the object of the law.

The petitioner, as the one attacking the constitutionality of a statute, has a heavy burden, *McCoy.* Here she has failed to carry that burden and we must, therefore, affirm the order of the Board.

ORDER

AND Now, this 12th day of January, 1983, the order of the State Dental Council and Examining Board in the above-captioned matter is hereby affirmed.