595 A.2d 771

**Robert M. ALLEN, Petitioner,**

**v.**

**DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, STATE BOARD OF ACCOUNTANCY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 10, 1991.

Decided July 24, 1991.

Robert M. Allen, pro se.

Judith Pachter Schulder, Counsel, State Bd. of Accountancy, Harrisburg, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Robert M. Allen (Allen) petitions for review of an order of the State Board of Accountancy (Board) which denied his application for a certificate to practice as a certified public accountant pursuant to The C.P.A. Law (Law), Act of May 26, 1947, P.L. 318, *as amended*, 63 P.S. §§ 9.1–9.16b. We affirm.

Section 4(b) of the Law, 63 P.S. § 9.4(b) sets forth the following general qualifications for certification:

1. All applicants are required to successfully pass the C.P.A. examination;

2. All applicants are required to complete at least twenty-four semester credits in accounting subjects;

3. Applicants who possess a baccalaureate degree are required to have two years of public accounting.

4. Applicants who possess a Master's or Doctorate's degree are required to have one year of public accounting experience of a caliber satisfactory to the Board; and

5. All experience must be supervised by a certified public accountant or public accountant.

Allen, who holds a master's degree, has met all of the above qualifications for certification, except the requirement that he have one year of supervision by a certified public accountant or public accountant. The Board's decision was partly based upon Allen's submission of a notarized experience letter from Thomas I. McGinn, CPA, who stated that each month he met with Allen to review and discuss the accounting work performed by Allen for his own small business clients. The Board's decision was also based upon a telephonic interview with Allen conducted by Board member L. Martin Miller, CPA. The Board further indicated that experience gained from self-employment and from teaching does not qualify as public accounting experiences for purposes of certification.

Allen's work experience consists of maintaining a full-time accounting practice that services small business clients. During the past two years he has performed a

variety of accounting services for these clients. He has also prepared annual tax returns. For the last six years Allen has been employed as an assistant professor of accounting at Temple University. He has taught various courses in the accounting curriculum and in the MBA program at Temple University's Graduate School of Business and Management.

Upon learning of his failure to be granted certification, Allen petitioned for a formal hearing, which was denied by the Board by order dated October 30, 1990. Allen appealed to this Court.[1]

Allen contends that 1) the Board violated his equal protection rights when it denied his application for a license to practice as a certified public accountant although it grants such licenses to self-employed public accountants who have not met the educational requirements nor undergone supervision of their work under the grandfathering provision of the Law; and 2) that the Board abused its discretion in rejecting Allen's application based upon its finding that Allen's work experience did not qualify as acceptable supervised experience under the Law.

By way of background we note the following definitions contained in the Law:

**Certified public accountant**

Persons to whom a certificate of certified public accountant has been issued under 'The C.P.A. Law' and partnerships, professional corporations or professional associations, composed of certified public accountants, which if engaged in the practice of public accounting, are registered and are current licensees as herein provided.

1. Our scope of review of an administrative agency decision is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *Lafayette College v. Department of Labor and Industry,* 118 Pa.Commonwealth Ct. 11, 546 A.2d 126 (1988), *petition for allowance of appeal denied,* 521 Pa. 632, 558 A.2d 533 (1989).

. . . .

**Public accountant**

Persons who are qualified and accepted for registration in accordance with this act and partnerships, professional corporations or professional associations engaged in practice as public accountants which are registered and are current licensees as herein provided.

Section 9.2 of the Law.

Certified public accountants have met educational and experience requirements and have also passed a written examination in order to receive their certification. Section 9.3a of the Law. Public accountants have registered with the Board under a grandfathering provision which allowed those persons who held themselves out to the public as public accountants at any time within the six-year period prior to December 8, 1976 to register and obtain a license to practice as a public accountant without examination or supervision requirements. Section 9.8g of the Law. This provision allowed registration with the Board as a public accountant during a limited period of twelve months following publication of the 1976 amendment in the Pennsylvania Bulletin. This provision was again repeated by the 1984 amendments. Therefore, subsequent to May 1985, the right to register and become licensed as a public accountant expired.

■ It has long been recognized that states have the right to regulate and license occupations and professions in a manner so as to safeguard the interest of the public from those who are incompetent or unqualified to engage in practice. *Keeley v. State Real Estate Commission,* 93 Pa.Commonwealth Ct. 291, 501 A.2d 1155 (1985); *Quintana v. State Board of Osteopathic Medical Examiners,* 77 Pa. Commonwealth Ct. 438, 466 A.2d 250 (1983). As long as the requirements for obtaining the license to practice an occupation or profession bears a direct, substantial and reasonable relationship to the practice of that profession, anyone intending to practice the profession can be required to meet

the standards set for the profession. *Reisinger v. State Board of Medical Education and Licensure,* 41 Pa.Commonwealth Ct. 553, 399 A.2d 1160 (1979).

Allen argues that persons who came within the grandfathering provision may even today take the required CPA examination and, without proof of work supervision or the requisite education, be certified as certified public accountants. He claims that the Board has inconsistently and unfairly required proof of work supervision for his certification with no similar prerequisite for public accountants who seek certification as certified public accountants.

█ When an equal protection claim is presented, this Court must evaluate whether the state has treated with disparity classes of individuals whose situations are arguably indistinguishable. *Edwards v. State Dental Council and Examining Board,* 71 Pa. Commonwealth Ct. 139, 454 A.2d 218 (1983). Allen's argument fails because he places licensed public accountants who received their licenses under the grandfathering provision within the same category as persons who never held themselves out to the public as public accountants prior to the change in the Law. The public accountants in practice prior to the amendments would have suffered substantial deprivation of their rights if no provision was instituted to allow them to continue their profession. However, no such right exists when the right to practice a particular occupation or profession has not yet been acquired. *Brady v. State Board of Chiropractic Examiners,* 79 Pa.Commonwealth Ct. 608, 471 A.2d 572, *petition for allowance of appeal dismissed,* 506 Pa. 83, 483 A.2d 1376 (1984).

"When enacting legislation affecting substantial rights, the Legislature need do no more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize themselves with its terms and to take action to preserve their rights." *Heckert v. Department of State, Bureau of Professional and Occupational Affairs,* 82 Pa.Commonwealth Ct. 636, 638, 476 A.2d 481, 483 (1984). The one-year period in which public accountants could be-

come licensed was reasonable as it pertained to licensing public accountants in practice prior to the amendments. However, Allen is not in that class. He obtained his "experience" subsequent to the Law's enactment and, therefore, cannot claim he is in the same class with licensed public accountants.

■ We now turn to Allen's second issue. Section 9.4(b)(4) of the Law is clear in that it requires public accounting experience supervised by a certified public accountant or public accountant. At issue here is the Board's interpretation of the requirement for supervised experience. The Board has determined that self-employment as well as teaching do not meet this requirement. The certified public accountant who reviewed Allen's work on a once-a-month basis was not responsible for, nor in any way affiliated with, Allen's work. Therefore, this experience does not satisfy the Board's requirements. The Board requires one year of supervised experience by a certified public accountant or a public accountant who is affiliated with the certified public accountant candidate. The requirement that there be an affiliation between the candidate and supervisor is not hypertechnical, but is based on the notion that one who is ultimately responsible for the work will more rigorously oversee the candidate's performance. Self-employment does not provide for this type of supervision.

Regulations dealing with the supervised experience requirement are found at 49 Pa.Code § 11.6, which states:

(a) Supervised experience that qualifies a person to take the certified public accountant examination or to be granted a certificate of certified public accountant shall meet the following conditions:

(1) The supervisor shall be a licensed certified public accountant or public accountant during the period of supervision.

(2) *The supervisor shall employ the person or be employed by the same person, partnership, corporation or branch of government as the person he is supervising.*

(3) *The supervisor personally evaluates and is responsible for the work performed by the person.*

(b) The following are examples of experience which do *not* qualify a person to take the certified public accountant examination or to be granted a certificate of certified public accountant.

(1) *Self-employment.*

(2) Work as a partner in a partnership.

(3) Work supervised by a certified public accountant who was not licensed at the time of supervision.

(4) *Work supervised by an accounting firm which is independent of the entity for which the person works.*[2] (Emphasis added.)

Clearly, self-employment cannot be used as experience to meet the supervision requirement. The review by an unrelated accountant or firm is also insufficient.

■ Furthermore, it has long been held that the legislature "may ... 'confer authority and *discretion* in connection with the execution of the law [to another body]; it may establish primary standards and impose upon others the duty to carry out the declared legislative policy in accordance with the general provisions of the act.'" *Gilligan v. Pennsylvania Horse Racing Commission*, 492 Pa. 92, 95–6, 422 A.2d 487, 489 (1980) (emphasis added). So long as the basic policy choices were made by the legislature and

**2.** The provisions of § 11.6 were adopted November 30, 1990 and became effective December 1, 1990. We recognize that the effective date of this regulation is subsequent to the order at issue here, dated October 30, 1990. However, the Pennsylvania Bulletin, 20 Pa.B. 5934 (1990) contains the following comment:

This section clarifies the nature of the supervised experience which is a prerequisite for taking the CPA examination or receiving a certificate of certified public accountant. In proposed form, a supervisor was required to evaluate personally and to be responsible for the work performed and the manner in which it was performed. The Board has amended this provision by eliminating the need for the supervisor to be responsible for the manner in which the work is performed.

20 Pa.B. 5935 (1990). This comment provides insight into the Board's interpretation of what was required as to supervision and indicates that § 11.6 clarifies explicitly what is and is not acceptable.

the statute contains adequate standards to guide and restrain the delegated functions, the delegation will be deemed proper. *Id.* Furthermore, details regarding administration need not be precisely or separately enumerated in the statute. *Id.*

The legislature has vested the Board with general powers to regulate and approve the issuance of the certificates for certified public accountants.[3] The legislature has also delineated certain education, experience and supervision requirements.[4] Allen takes issue with the Board's interpretation of the supervised-experience requirement. Allen overlooks the long-standing recognition by this Court that deference is given to a Board's construction of the statute that charges it with proper execution and application. *Gilligan.*

The Board as directed by the Law was given the discretionary power to determine whether an individual's work was properly supervised to meet the certificate requirements. The day to day overview of an applicant's work is not an unreasonable requirement to insure the requisite amount of experience contemplated by the legislature. Therefore, we will not invalidate the Board's interpretation of the Law as it relates to the supervision requirement contemplated by the statute.

Accordingly we affirm the Board's order.

## ORDER

AND NOW, this 24th day of July, 1991, the order of the State Board of Accountancy in the matter of the petition of Robert M. Allen for a certificate of Certified Public Accountant is hereby affirmed.

3. Section 9.3 of the Law.
4. Section 9.4 of the Law.