IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph D. Mellott,                          :
                    Petitioner              :
                                            :    No. 880 C.D. 2020
            v.                              :
                                            :    Argued:  June 10, 2021
Department of Labor and Industry,           :
Bureau of Occupational and                  :
Industrial Safety,                          :
                    Respondent              :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION BY
JUDGE McCULLOUGH                            FILED:  August 19, 2021


            Joseph D. Mellott (Petitioner) petitions for review of the August 14, 2020 order of the Secretary of Labor and Industry (Secretary), adopting the proposed report and order of the Bureau of Occupational and Industrial Safety (Bureau) of the Department of Labor and Industry (Department), denying Petitioner's applications for certification and renewal under the Pennsylvania Construction Code Act[1] (Act 45) and the Uniform Construction Code Training and Certification of Code Administrators[2] (Uniform Construction Code or UCC).

---

[1] Act of November 10, 1999, P.L. 491, No. 45, *as amended*, 35 P.S. §§ 7210.101-7210.1103.

[2] 34 Pa. Code §§ 401.1-405.42.

This case involves a disagreement over the Department's interpretation of the UCC's certification and renewal provisions for code administrators.[3] Specifically, the crux of the dispute involves whether a code administrator whose Pennsylvania certifications have been expired for more than one year may re-apply for certifications using the same certification examination results he used to obtain his original certifications, or whether the UCC requires him to *retake* and pass the certification examinations. It is Petitioner's position that, with 109 hours of continuing education, he is eminently qualified to work as a Commercial Building Inspector, Commercial Electrical Inspector, Commercial Mechanical Inspector, Commercial Plumbing Inspector, Accessibility Inspector/Plans Examiner, and Commercial Energy Inspector. He contends a new applicant, who has never been certified in Pennsylvania, is only required to show he passed his certification examinations on any date *after July 12, 1996*. He argues that he demonstrated that he timely passed his examinations after that date. He claims it is unfair and unjust to require him to retest simply because he was previously certified in Pennsylvania but allowed his certifications to expire.

## The Construction Code Act

Under section 701 of Act 45, the Department is required to adopt a program of training and certification for code administrators. 35 P.S. § 7210.701(a). All code administrators are required to participate in the Department's continuing education programs. 35 P.S. § 7210.701. Additionally, the General Assembly explicitly stated that the intent and purpose of Act 45 is, among other things,

---

[3] A code administrator is "[a] municipal code official, construction code official or third-party agency certified with the Department under the act or the Department under [section] 103 of the act (35 P.S. § 7210.103). The term includes an individual certified in a category established under this chapter to perform plan review of construction documents or administer and enforce codes and regulations in that category under the act or related acts." 34 Pa. Code § 401.1 (Definitions).

2

(1) [t]o provide standards for the protection of life, health, property and environment and for the safety and welfare of the consumer, general public and the owners and occupants of buildings and structures.

\* \* \*

(6) [t]o assure that officials charged with the administration and enforcement of the technical provisions of this act are adequately trained and supervised.

Section 102(b)(1) and (6) of Act 45, 35 P.S. § 7210.102(b)(1), (6).

## <u>The Uniform Construction Code (UCC)</u>

Pursuant to Act 45, the Department promulgated certification and renewal regulations, adopted on July 12, 2002, known as the Uniform Construction Code, *i.e.*, UCC, governing certification for building inspectors. The UCC appears at 34 Pa. Code §§ 401.1-401.16. The UCC delineates categories for individuals who are: 1) seeking to obtain new certifications, 2) seeking to renew certifications within one year of their expiration, and 3) seeking to regain his/her certifications after one year following their expiration.

All new applicants seeking to obtain certifications must submit an application, pay a fee, and submit verification that they passed certification examinations for the categories in which they wish to be certified.[4] Section 401.4 of the UCC provides in this regard, as follows:

(a) An applicant for certification shall submit a Department-provided application, pay the required fee and *submit verification of* meeting the requirements of this chapter and *passing all of the certification examinations* for a specific certification category in [section] 401.6 (relating to

---

[4] The Application for Certification form requires that the applicant attach "test documentation for each certification requested." (Reproduced Record (R.R.) at 65a) (emphasis in original).

3

certification categories and testing) ***on or after July 12, 1996***.

34 Pa. Code § 401.4(a) (emphasis added).

The period of certification is three years from the issuance date of a certification. 34 Pa. Code § 401.4(e). A certification holder wishing to continue to act as a code administrator must renew his certification(s) every three years from the date of issuance. To renew a certification that has been expired for ***less than one year***, an applicant is required to submit a completed Department-provided renewal form, acceptable proof of completion of continuing education, and the required certification fee. Section 401.8(b) of the UCC provides:

> (b) To renew a certification, an applicant shall submit a completed Department-provided renewal form, acceptable proof of completion of continuing education and the required certification fee under [section] 401.2 (relating to Department fees). The Department will post this form on its Internet website (www.dli.state.pa.us) and provide it upon request.

34 Pa. Code § 401.8(b).

If an individual's certification(s) has (have) been expired for ***more than one year***, the applicant must submit a certification application under section 401.4 of the UCC and pass the required examinations under section 401.6. Section 401.8(d) of the UCC provides:

> (d) The Department will not renew a certification that is expired for more than 1 year unless the applicant submits a certification application under [section] 401.4 and passes the required examinations under [section] 401.6 (relating to certification categories and testing).

34 Pa. Code § 401.8(d).

4

**Factual and Procedural History**

The underlying facts are not in dispute. Petitioner originally applied for UCC certifications on December 27, 2007. Petitioner attached test documentation to his application, showing that he successfully passed the examinations to be certified as a Commercial Building Inspector, Commercial Electrical Inspector, Commercial Mechanical Inspector, and Commercial Plumbing Inspector on August 5, 2006, April 29, 2006, September 29, 2006, and December 15, 2006, respectively. (Reproduced Record (R.R.) at 22a, 59a-63a.) Based on the submitted test results and meeting additional criteria for certification, the Department issued certifications to Petitioner in the disciplines listed. (R.R. at 22a.)

On September 1, 2009, the Department received a second application for UCC certification from Petitioner for the category of Accessibility Inspector/Plans Examiner with proof that he passed the corresponding examination on June 20, 2009. (R.R. at 22a, 65a, 136a-37a.) The Department issued a certification to Petitioner as an Accessibility Inspector/Plans Examiner on September 2, 2009. (R.R. at 22a, 71a.)

On August 21, 2012, Petitioner submitted a certification renewal application, requesting an additional certification as a Commercial Energy Inspector and attached proof that he passed the corresponding examination on August 18, 2012. (R.R. at 22a-23a, 67a-68a.) The Department issued a certification to Petitioner as a Commercial Energy Inspector on August 22, 2012. (R.R. at 22a, 71a.)

Having obtained his last certification on August 22, 2012, the expiration date for all his UCC certifications became August 22, 2015, three years from the date that his last certification was issued. 34 Pa. Code § 401.8(a); (R.R. at 23a, 56a, 71a). As of August 22, 2015, Petitioner had a one-year "grace period," *i.e.*, until August 22, 2016, to renew his certifications. 34 Pa. Code § 401.8(d); (R.R. at 23a).

Petitioner did not renew his certifications on or before August 22, 2016. (R.R. at 23a-24a.) On October 30, 2018, using a form entitled Certification Renewal Application (2018 Renewal Application), Petitioner sought to renew the UCC certifications he previously held. (R.R. at 24a, 73a-77a.) Petitioner's 2018 Renewal Application contained documentation from the International Code Council (ICC)[5] showing that Petitioner's ICC certificates were active as well as a letter verifying that Petitioner was employed by the City of Bozeman, Montana, as a building inspector between June 24, 2006 – July 27, 2007, February 11, 2008 – August 8, 2008, and May 31, 2016 – August 8, 2018. (R.R. at 73a-77a.) Petitioner did not attach new test documentation to his 2018 Renewal Application. (R.R. at 24a, 73a-77a.)

By letter dated November 14, 2018, Christina Slaybaugh, administrator of the Bureau's Certification, Accreditation and Licensing Division, notified Petitioner that his 2018 Renewal Application was denied. The denial letter explained that because his certifications had been expired for over one year, Petitioner could no longer renew them unless he complied with the process specified in section 401 of the UCC. (R.R. at 24a, 84a-85a.) The denial letter quoted section 401.8(d) of the UCC and stated that, because Petitioner's certifications had expired "on August 22, 2015, more than one (1) year ago," it was necessary under section 401.8(d) that he "retake" the required examinations or "provide proper documentation showing that [he] has passed again the necessary examination(s)." (R.R. at 85a.) Petitioner appealed the decision to deny his 2018 Renewal Application. (R.R. at 24a, 90a-91a.)

On December 28, 2018, while his appeal from the denial of his 2018 Renewal Application was pending, Petitioner applied for UCC certification (2019 Certification Application) pursuant to section 401.4(a) of the UCC, as if he was a "new"

---

[5] The ICC is an accepted testing and training provider in Pennsylvania. (R.R. at 26a.)

applicant. (R.R. at 25a, 93a-121a.) This submission also included a new check, a letter verifying that Petitioner was employed by the City of Bozeman, Montana, as a building inspector, various continuing education certificates showing 109 hours of continuing education in Montana in the past three-year period, and letters from the ICC to Petitioner confirming that he passed the Commercial Building Inspector exam on August 5, 2006, the Commercial Electrical Inspector exam on April 29, 2006, the Commercial Mechanical Inspector exam on September 29, 2006, the Commercial Plumbing Inspector exam on December 15, 2006, the Accessibility Inspector/Plans Examiner exam on June 20, 2009, and the Commercial Energy Inspector exam on August 18, 2012 (that is, the *same* test documentation previously submitted by Petitioner on December 27, 2007, and September 1, 2009, to obtain his original Pennsylvania UCC certifications). (R.R. at 25a-26a, 93a-121a, 126a-37a, 139a-42a.)

By letter dated January 24, 2019, Ms. Slaybaugh issued a second letter to Petitioner denying his 2019 Certification Application. (R.R. at 25a, 123a-24a.) Ms. Slaybaugh again explained that because more than a year passed since his certifications had expired, the process set forth in section 401.8(d) of the UCC required Petitioner to retake the required examinations and apply for certification, as required by section 401.4 of the UCC, or provide proper documentation showing that he had retaken and passed the necessary examinations. Specifically, Ms. Slaybaugh wrote "[i]t is the Department's policy that the applicant must submit new test documentation with [his] new application." (R.R. at 84a.) She explained "[a] printout of ICC's website, showing which ICC certificates are currently valid, is not considered proof of passing a required exam. 34 Pa. Code § 401.4." *Id.* In denying the 2019 Certification Application, Ms. Slaybaugh further explained, "[a]s your certifications expired on August 22, 2015,

7

more than one (1) year ago, you can no longer renew them. It will be necessary for you to retake the required examinations." (R.R. at 84a.)

Petitioner filed a second appeal. The Department consolidated the two appeals and appointed a hearing examiner. A hearing on the consolidated appeals took place on April 16, 2019. (R.R. at 1a.) Ms. Slaybaugh testified that, when reviewing an application for certification or renewal, she considers the documentation submitted with the application rather than just the title of the application since applicants often use the incorrect form. (Notes of Testimony (N.T.) at 38-39, 95-96; R.R. at 11a, 25a.) Ms. Slaybaugh testified that Petitioner initially submitted the 2018 Renewal Application and followed it up with the 2019 Certification Application together with proof of continuing education credits. Because continuing education credits are only relevant to certification renewals, she considered Petitioner's 2019 Certification Application to be an application for renewal. (N.T. at 95-96; R.R. at 25a.) She explained that if Petitioner had submitted documentation showing that he had retaken and passed the tests for the disciplines in which he wished to be certified, she would have granted his certifications. *Id.*

Ms. Slaybaugh testified that the Department has consistently interpreted section 401.8(d) of the UCC to mean that certifications expired beyond one year cannot be renewed without a demonstration that the applicant has retaken and passed the examinations in the applied-for certification categories. (N.T. at 41-42; R.R. at 11a-12a.) She explained that if an applicant who has allowed his certification to expire past one year is allowed to reapply for certification and use the same test documentation over and over again, there would be no need for continuing education. (N.T. at 42-43; R.R. at 12a.)

8

Following the hearing, the parties submitted briefs and proposed findings. Thereafter, the hearing examiner issued her proposed report on August 30, 2019, concluding that the decision to deny Petitioner's 2018 Renewal Application and 2019 Certification Application was consistent with the UCC. Applying the rules of statutory construction, the hearing examiner rejected Petitioner's argument that sections 401.4, 401.6, and 401.8 of the UCC cannot legitimately be read to require an applicant to retake the certification examinations in the case of certifications that have been expired for more than one year. First, the hearing examiner scrutinized section 401.8(d) of the UCC, which provides as follows:

> (d) The Department will not renew a certification that is expired for more than 1 year unless the applicant submits a certification application under [section] 401.4 ***and passes the required examinations under*** [***section***] ***401.6*** (relating to certification categories and testing).

34 Pa. Code § 401.8(d) (emphasis added).

Applying the rules of statutory construction, the hearing examiner observed,

> [l]ogically, if section 401.8(d) were interpreted to allow the same certification examinations to suffice [sic] for re-certification at a later date, there would have been no need to include the phrase "passes the required examinations under [section] 401.6 (relating to certification categories and testing)" in the language of section 401.8(d). Rather, section 408(d) simply could have concluded at "applicant submits a certification application under [section] 401.4," because section 401.4 already requires "passing all of the certification examinations for a specific certification category in [section] 401.6 (relating to certification categories and testing) on or after July 12, 1996."

> If (as [Petitioner] argues) section 401.8(d) were [sic] interpreted to allow the same certification examinations to

9

suffice for re-certification at a later date, the concluding phrase of section 401,8(d), "and passes the required examinations under [section] 401.6 (relating to certification categories and testing)," would be surplusage, because it would mean the same thing as section 401.4. Therefore, applying the rule of statutory construction that disfavors surplusage makes it clear that the phrase "passes the required examinations under [section] 401.6" means something different than the phrase "passing all of the certification examinations for a specific certification category in [section] 401.6 (relating to certification categories and testing) on or after July 12, 1996," the language contained in the requirements for initial certification set forth in section 401.4. The logical interpretation, then, is the interpretation advanced by the Department: the applicant for renewal of a certification that has been expired for more than one year must retake and pass the required examinations. [Petitioner's] interpretation cannot survive application of the surplusage rule.

(Hearing Examiner's Report, August 30, 2019, at 17-18.)

Pointing out the illogicality of Petitioner's interpretation, the hearing examiner further explained that

[Petitioner's] interpretation would allow a certification holder to avoid the continuing education requirement [because under section 401.8], a certification holder could obtain initial certification based on test documentation, allow the initial certification to expire, wait a year past the expiration date, apply for re-certification under [s]ection 401.8(d), rather than under [section] 401.8(b), and rely on his prior test documentation. By so doing, every time his certifications expire, the certification holder would never have to complete continuing education in order to renew his expired certifications, his test documentation would simply get older and older, and he would never be required to update his knowledge of the field(s) in which he holds certification. At the same time, the certification holder's knowledge would grow stale and the citizens of the Commonwealth could be

10

put at risk, frustrating the intent and circumventing the mandate of the General Assembly.

*Id.* at 18-19 (footnote omitted).

In light of the above, the hearing examiner determined that the Department's interpretation was consistent both with Act 45 and with the UCC. The hearing examiner further concluded that Petitioner could not succeed in his argument that his 2019 Certification Application was erroneously processed as a renewal, because the UCC contemplates two different renewal processes, one under section 401(b) for those who timely renew, and one under section 401.8(d) for those who do not, and that Petitioner's 2019 Certification Application unquestionably fit the latter situation. *Id.* at 20. The hearing examiner entered a proposed order recommending that the denial of Petitioner's 2018 Renewal Application and his 2019 Certification Application be affirmed.

On September 27, 2019, Petitioner filed exceptions. (R.R. at 215a, 231a.) On August 14, 2020, the Secretary issued an Order adopting the hearing examiner's proposed report in its entirety. (Petitioner's Brief, Appendix A.)

On appeal to this Court,[6] Petitioner raises five issues:

1. Whether the Secretary committed an error of law by affirming the denial of Petitioner's 2019 Certification Application where Petitioner

---

[6] This Court's standard of review of an administrative agency's order is limited to a determination of whether constitutional rights were violated, whether the decision was rendered in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. §704; *Bologna v. Pennsylvania Department of Labor and Industry*, 816 A.2d 407, 410 n.3 (Pa. Cmwlth.), *appeal denied*, 830 A.2d 976 (Pa. 2003). The Commonwealth Court's review is plenary over questions of law. *Tomaskevitch v. Specialty Records Corporation*, 717 A.2d 30 (Pa. Cmwlth. 1998). The Court will not overturn an exercise of administrative discretion unless the agency has abused its discretion or has acted in an arbitrary or capricious manner. *International Brotherhood of Electrical Workers v. Department of Labor and Industry*, 816 A.2d 1220, 1223 (Pa. Cmwlth. 2003).

satisfied all regulatory criteria necessary for approval of that application.

2. Whether the Secretary committed an error of law by holding that the interpretation and application of Chapter 401 of the UCC regulations to deny Petitioner's UCC certifications is reasonable and consistent with the UCC regulations and the Pennsylvania Construction Code Act.

3. Whether the Secretary committed an error of law by failing to determine that the interpretation and application of Chapter 401 of the UCC regulations creates a binding norm, a regulation disguised as a policy, which was not promulgated in accordance with the law.

4. Whether the Secretary violated Petitioner's due process rights by failing to address the appeal of his 2019 Certification Application on the merits.

5. Whether the Secretary violated Petitioner's equal protection rights by adopting and applying a separate standard for those who previously were certified in Pennsylvania and those who were not, thus treating similarly situated persons differently.

(Petitioner's Br. at 4.)

### Discussion

We will address Petitioner's first and second issues collectively because they both involve a challenge to the Department's interpretation of section 401.4 of the UCC.

In his first issue, Petitioner contends that the Secretary committed an error of law by denying his 2019 Certification Application because he satisfied all regulatory criteria necessary for approval. He argues that his 2019 Certification Application was erroneously treated as an application for renewal even though it was submitted as a new application. He contends that had his 2019 Certification Application been treated as a new application for certification, he would have been entitled to it being granted

12

because he met all the requirements for first time certification.   Specifically, Petitioner argues, as a new applicant under section 401.4 of the UCC, he was required to submit an application for certification, pay the required fee, and supply "verification of meeting the requirements of this chapter and passing all of the certification examinations for a specific category . . . on or after July 12, 1996." 34 Pa. Code § 401.4.  He argues that he submitted a Department-provided Certification Application, paid the required fee, and submitted verification that he has timely passed examinations within that time limitation, *i.e.*, after July 12, 1996.  (R.R. at 10a.)  He maintains that therefore, he satisfied all the criteria required under the UCC for approval of his 2019 Certification Application.

Relatedly, in his second issue, Petitioner contends that the decisions to deny his 2019 Certification Application and 2018 Renewal Application were based on the incorrect conclusion that he must *retest* for each of his certifications.  He contends he is entitled to rely on test documentation previously submitted to obtain his original certifications.  He points out that nowhere does the UCC provide that an applicant who seeks to renew a certification or file a new application more than one year after his or her prior certification lapses must submit to onerous reexamination requirements.

He further argues that the one-year retesting rule for lapsed certifications is wholly arbitrary and serves no practical purpose.  He acknowledges the Department's rationale that a person with lapsed certificates must retest because to construe the regulations otherwise would allow test documentation to get older and older, and knowledge to grow stale, putting citizens of the Commonwealth at risk.  However, he points out, that a *new* applicant (who had never before been certified in Pennsylvania) with the same test results from the same year will easily obtain his initial certification, while he was denied, merely because he was previously certified and allowed his

13

certifications to lapse beyond one year before seeking renewal. Petitioner submits that if he had never been credentialed in Pennsylvania, his application would have been approved summarily. He posits that if the Department believes that stale test results should not be accepted, it needs to change the regulations, not foreclose him from certification and gainful employment.

> It is well established that
> [i]n reviewing an administrative agency's interpretation of its own regulations, courts are governed by a two[-]step analysis. First, in construing administrative regulations, the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation. Second, the regulations must be consistent with the statute under which they are promulgated.

*Commonwealth v. Forbes Health System*, 422 A.2d 480, 482 (Pa. 1980) (citations and quotation marks omitted); *see also Tire Jockey Service, Inc. v. Department of Environmental Protection*, 915 A.2d 1165, 1186 (Pa. 2007).

As to the first part of the analysis, we find that the Department's interpretation of the UCC is not erroneous and is consistent with the regulation's language.

Section 401.8(d) of the UCC addresses the process by which construction code inspectors renew certifications previously issued by Pennsylvania. This section provides:

> (d) The Department *will not renew a certification that is expired for more than 1 year unless the applicant submits a certification application under* [*section*] *401.4 and passes the required examinations under* [*section*] *401.6* (relating to certification categories and testing).

34 Pa. Code § 401.8(d) (emphasis added).

14

According to the Secretary, this provision puts certification holders on notice that the Department will not renew a certification that has been expired for more than one year unless the renewal applicant meets the two requirements set forth in section 401.8(d). First, the renewal applicant must submit a certification application under section 401.4. Second, the renewal applicant must receive a passing grade in all of the examinations required for the category of certification for which he applies under section 401.6 (relating to certification categories and testing).

Here, Petitioner allowed his UCC certifications to expire and did not renew within one year. The Secretary concluded that Petitioner was required to submit a new application and pass the examinations in the categories in which he wanted to be certified. 34 Pa. Code § 401.8(d). Because Petitioner did not submit the required testing documentation, the Secretary upheld the denial of his renewal and new certification applications. Because we agree that the Secretary's interpretation of the UCC regulations is not plainly erroneous and is consistent with the plain language of the regulations, we conclude that part one of the analysis has been met.

With regard to part two of the analysis, we conclude that the UCC's requirement that a code administrator retake his certification examinations if his certifications have expired for more than one year is consistent with the statute under which it was promulgated.

It has long been recognized that states have the right to regulate and license occupations and professions in a manner necessary to safeguard the interest of the public from those who are incompetent or unqualified to engage in practice. *Keeley v. State Real Estate Commission*, 501 A.2d 1155 (Pa. Cmwlth. 1985); *Quintana v. State Board of Osteopathic Medical Examiners*, 466 A.2d 250 (Pa. Cmwlth. 1983). As long as the requirements for obtaining the license to practice an occupation or profession

15

bear a direct, substantial and reasonable relationship to the practice of that profession, anyone intending to practice the profession can be required to meet the standards set for the profession. *Allen v. Department of State, Bureau of Professional and Occupational Affairs, State Board of Accountancy*, 595 A.2d 771, 773 (Pa. Cmwlth. 1991); *Reisinger v. State Board of Medical Education and Licensure*, 399 A.2d 1160 (Pa. Cmwlth. 1979).

Pursuant to section 301 of Act 45, 35 P.S. § 7210.301, the Department promulgated the UCC, the purpose of which is to, *inter alia*, provide standards for the protection of life, health, property and environment and for the safety and welfare of the consumer, general public, and the owners and occupants of buildings and structures. Section 102(b) of Act 45, 35 P.S. § 7210.102(b); *DRB, Inc. v. Pennsylvania Department of Labor and Industry*, 853 A.2d 8 (Pa. Cmwlth. 2004), *aff'd*, 887 A.2d 1216 (Pa. 2005).

Here, the Department interpreted the UCC in such a manner as to ensure that each code administrator is up to date with the most current building code standards and codes. The Department's interpretation is reasonable and consistent with the language of the regulation and the overall statutory and regulatory scheme.

Next, Petitioner contends that the "retesting" requirement is not expressly written in the UCC regulations, but the Department nevertheless adheres to it strictly. He maintains that the Department's unwritten "policy" of implementing this requirement in every case constitutes a binding norm that did not proceed through the proper channels for instituting a regulation. He submits that as such, it is invalid. We disagree.

The retesting requirement is not an unwritten policy. Under the UCC's regulatory scheme, there is a specific directive for individuals who have allowed their

certifications to expire and have not renewed within one year of the expiration date. The plain language of section 401.8(d) requires applicants in Petitioner's position to "pass[] the required examinations under [section] 401.6." 34 Pa. Code § 401.8(d). There is no exception provided for those who are well qualified, no matter how many years of experience or continuing education units they have. To read such an exception into the law or regulations, as Petitioner suggests, would amount to the very thing Petitioner accuses the Department of doing – creating a policy inconsistent with the duly enacted regulations.

In his next issue, Petitioner argues that the Secretary violated his due process rights by failing to address the merits of his 2019 Certification Application appeal. He argues that he filed *two* appeals with the Secretary: one appealing the denial of his 2018 Renewal Application and one appealing the denial of his 2019 Certification Application. (R.R. at 56a.) With respect to his 2019 Certification Application appeal, Petitioner argued in his post-hearing brief that his 2019 Certification Application was erroneously treated as a second request for renewal. (R.R. at 220a-22a, 226a-27a.) Petitioner argues that it is apparent from the proposed report that the hearing examiner did not consider his appeal from the denial of his 2019 Certification Application and failed to address the merits of his argument concerning the treatment of his 2019 Certification Application as a renewal application. He points out that in his exceptions to the hearing examiner's proposed report, he specifically argued to the Secretary that the hearing examiner failed to address the merits of his 2019 Certification Application and associated appeal, therefore depriving him of due process. (R.R. at 226a-27a.) He argues that the Secretary did not address this issue either because he adopted the hearing examiner's proposed report in its entirety. This, Petitioner argues, violated his due process rights. Again, we must disagree.

17

Petitioner was afforded due process during every stage of his certification denial appeal. Petitioner claims that he was denied due process because, although he participated in a full administrative hearing and presented his arguments in a post-hearing brief, the hearing officer did not consider his appeal from his certification application. "The root requirement of due process is that an individual be given an opportunity for a hearing before he is deprived of any significant property interest . . . ." *Pennsylvania Coal Mining Association v. Insurance Department*, 370 A.2d 685, 692 (Pa. 1977) (citations omitted). The form and extent of due process necessary in each action depends "upon the forum, the relationship of the parties, [and] the interests at stake and should be consistent with the goal of reducing the risk of arbitrary government action." *Bornstein v. City of Connellsville*, 39 A.3d 513, 525-26 (Pa. Cmwlth. 2012).

Here, the applicable regulations outline the process for appealing a Bureau decision. 1 Pa. Code § 35.20. Petitioner fully availed himself of this process by filing two separate appeals. Petitioner then participated in a full hearing, during which he called four witnesses, including two representatives of the Bureau whom he questioned at length as if on cross examination. (R.R. at 9a-20a.) Immediately prior to the hearing, Petitioner submitted a prehearing memorandum, fully explaining his argument in the case. Following the hearing, Petitioner submitted an extensive post-hearing brief, again setting forth arguments in his favor. The hearing officer was present for the hearing in this case, listened to the testimony, received a copy of the transcript, and authored a thorough and well-reasoned proposed report explaining the applicable statutes and regulations and the application of the law to the facts of Petitioner's case.

Petitioner has cited to no authority stating that an adjudicator is required to address a party's argument point by point. A hearing officer is not required to fully

expound upon the arguments of the parties. Rather, the hearing officer did what was required of her by examining the law and discussing whether the denial of Petitioner's applications was in accordance with Act 45 and the UCC. In her proposed report, the hearing officer repeatedly referenced and outlined Petitioner's arguments before addressing the sole issue of the appeal: whether the Bureau correctly interpreted the law and regulations. The hearing officer thoroughly analyzed the applicable legal provisions and the rules of statutory construction and ultimately concluded that the Bureau's interpretation was logical based on the undisputed fact that Petitioner had previously been certified in Pennsylvania and allowed his certifications to lapse for more than one year. Moreover, the hearing examiner clearly rejected Petitioner's argument that the Bureau improperly treated his 2019 Certification Application as a renewal application. The hearing examiner found that, because Petitioner allowed his certification to expire and more than a year had elapsed since the expiration, he was required to submit a certification application as required by section 401.4 of the UCC and pass the required examinations under section 401.6. Whether the Bureau treated Petitioner's application as a renewal instead of a new application therefore is beside the point because even if the Bureau treated his application as a new application, it would have been denied in any event because Petitioner was not a new applicant. Petitioner was previously certified in Pennsylvania. Petitioner waited for over a year after his certifications expired to seek recertification; thus, he was required under section 401.8(d) to file an application and to provide proof that he retook and passed the examinations, which he did not do. Accordingly, we find this issue to be without merit.

In his final issue, Petitioner argues that the Secretary violated his equal protection rights by applying a separate standard for those who previously were

certified in Pennsylvania and those who were not, thus treating similarly situated persons differently. He contends that the Department's interpretation of the governing regulations as applied to his case result in two identically credentialed inspectors receiving drastically different treatment under the regulations based upon the irrelevant fact that one previously had a Pennsylvania certification while the other did not. He argues, solely by virtue of his prior certification, he is treated differently from a similarly situated code inspector who has passed the same examinations at the same time and has the same experience and credentials, simply because he worked in Pennsylvania before. He argues that he is being subjected to a costly, lengthy, and arduous process of retesting to entitle him to certification, even though, had he been an inspector who had never worked in this Commonwealth, he would have immediately been certified. He asserts that the purported justification for such non-uniform treatment is to ensure that applicants have updated knowledge by retaking the examinations. But, argues Petitioner, an applicant with the same test results from the same year as Petitioner would be entitled to certification without any evidence of having "updated" knowledge of the field in which he or she holds certification. This, according to Petitioner, is a patently unfair and unjust result that creates inequity, lacks uniformity, and therefore amounts to a violation of equal protection.

Petitioner's argument that the Secretary's decision violated his right to equal protection is meritless because the Department's certification standards apply to similarly situated individuals equally. "The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly." *Curtis v. Kline*, 666 A.2d 265, 267 (Pa. 1995) (citing *Laudenberger v. Port Authority of Allegheny County*, 436 A.2d 147 (Pa. 1981)). Under equal protection guarantees, distinctions and classifications in legislation are not prohibited, but must

bear some relationship to the ends to be achieved by the law. *Stottlemyer v. Stottlemyer*, 329 A.2d 892 (Pa. 1974). Under the Equal Protection Clauses of the federal and state constitutions,[7] a legislative classification need bear only a rational relationship to the object sought to be achieved by the law and will be overturned only if it rests on grounds wholly irrelevant to the achievement of the state's purpose. *McGowan v. Maryland*, 366 U.S. 420 (1961). "The right to equal protection under the law does not absolutely prohibit the Commonwealth from classifying individuals for the purpose of receiving different treatment and does not require equal treatment of people having different needs." *Curtis*, 666 A.2d at 267-68 (citations omitted).

Under the Department's interpretation of the certification and renewal regulations, individuals who are applying for re-certification after a lapse that extends beyond the one-year grace period are all required to submit new testing documentation with their application. The evidence demonstrated that the regulation requiring retesting for applicants who have been previously certified and have allowed their certification to lapse beyond the one-year grace period is applied equally to everyone. (R.R. at 11a, 20a.) Although applicants with equal qualifications in terms of years of experience, continuing education units, and passing test results are treated differently depending on whether they had previously used the test documentation to obtain certification, the treatment differs for the legitimate purpose of ensuring that individuals whose certifications have lapsed for over one year remain qualified to perform inspections. As noted, if section 401.8(d) of the UCC was not given its full effect, applicants for UCC certification could repeatedly submit the same test documentation without completing the continuing education requirements for renewal. *See* 34 Pa. Code §§ 401.8, 401.9. Therefore, whether an individual has been previously

---

[7] U.S. CONST. amend. XIV; PA. CONST. art. I, § 26.

UCC certified in Pennsylvania is highly relevant to the determination of whether that individual must follow the new certification requirements, or the certification renewal provisions. The Commonwealth does not violate equal protection by having two separate sets of requirements for two separately situated groups.

Finally, we do not agree with Petitioner that under section 401.4(a), a new applicant need only show that he has passed his examinations on *any* date *after July 12, 1996*, to obtain a certification. Again, this section of the UCC provides:

> (a) An applicant for certification shall submit a Department-provided application, pay the required fee and submit verification of meeting the requirements of this chapter *and passing all of the certification examinations* for a specific certification category in [section] 401.6 (relating to certification categories and testing) *on or after July 12, 1996*.

34 Pa. Code § 401.4(a) (emphasis added).

The UCC contains several provisions that allowed current code administrators to continue their profession, after the effective date of the UCC, without having to meet newly established qualifications to engage in code inspection activities. For example, then-current code administrators were given time to meet the training and certification requirements under section 401.15 of the UCC, 34 Pa. Code §401.15 (Registration of current code administrators). Specifically, then-current code administrators engaged in plan review or inspection of one-family or two-family residential property could continue to engage in inspection activities for three years from the effective date of the adoption of the final form regulations, *i.e.*, until July 12, 2005. 34 Pa. Code § 401.15(a). After three years, if they wished to continue to engage in such activities, they were required to meet the certification and training requirements of section 401.4. *Id.* Current code administrators engaged in plan review or inspection

22

of other buildings and structures that were not one-family or two-family residential structures could continue to engage in inspection activities for five years from the effective date of the adoption of the final form regulations, *i.e.*, until July 12, 2007. 34 Pa. Code § 401.15(b). After the expiration of five years, if they wished to continue to engage in such activities, they were required to meet the certification and training requirements of section 401.4. *Id.*

Also, under section 401.5,[8] certain applicants could request a "waiver" of the testing requirements if they met certain conditions. Specifically, the Department could waive the testing requirements if the applicant passed a substantially similar

_____

[8] 34 Pa. Code § 401.5 (Waivers) provides, in part, with emphasis added:

> (a) The Department may grant a request for waiver *of the testing requirements of [section] 401.6* (relating to certification categories and testing) if the applicant meets any of the following criteria:
>
>> (1) Passed a test substantially similar to the testing categories in [section] 401.6 *within the 6 years prior to July 12, 2002*.
>>
>> (2) Passed a test substantially similar to the testing categories in [section] 401.6 *before July 12, 1996*, so long as the applicant submits any of the following to the Department:
>>
>>> (i)  Evidence of continued employment as a code administrator in the related field.
>>>
>>> (ii)  Current certification issued by a model code organization.
>>>
>>> (iii)  Evidence of completion of 30 hours of continuing education or a college degree program in associated fields.

23

certification examination within the six-year period prior to July 12, 2002. 34 Pa. Code § 401.5(a). The UCC regulations were adopted on July 12, 2002. Six years prior to July 12, 2002, is July 12, 1996. Thus, the phrase "within the [six] years prior to July 12, 2002" covers the period from July 12, 1996, to July 12, 2002. This exemption provision allowed inspectors who passed a test at any time within the six-year period prior to the effective date of the UCC (July 12, 2002) to continue to engage in inspection activities without having to meet the testing requirements of section 401.6 of the UCC.

Contrariwise, if an applicant passed a substantially similar examination during a period that *exceeded six years from the effective date of the regulations*, *i.e.*, *before July 12, 1996*, the Department could waive the testing requirements *only if* the applicant submitted evidence of continued employment in related fields, current certification from a model code organization, or substantial education in related fields. 34 Pa. Code § 401.5(b).

Reading sections 401.4(a), 401.5, and 401.15 *in pari materia*, we find that the reference to *on or after July 12, 1996*, in section 401.4 clarifies when applicants were required to take a new test, and when they could prove they have taken one in the past, to avoid having to take the test again. An applicant who passed a test *before July 12, 1996*, could apply under section 401.5 to avoid retaking the relevant test, unlike individuals who passed relevant tests after July 12, 1996, who could apply under section 401.4 by providing the results of their exams. In other words, there are three relevant time periods, which dictate when new tests had to be taken, and when individuals could waive testing requirements. Chronologically, the first period concerns those who had taken tests prior to July 12, 1996. Under section 401.5, those individuals could have sought a waiver of testing requirements if they submitted the

24

proper evidence. The second period is from July 12, 1996, through July 12, 2002. Those individuals could have been granted a waiver of testing requirements if they passed a substantially similar test to the testing categories in section 401.6. The third category is the time period after July 12, 2002. The regulation does not speak to this time period specifically, however, a plain reading of section 401.4(a) indicates that individuals who do not fall into either one of the previous time periods are subject to the general language of the regulation and must take and pass relevant testing. It follows that if an applicant could only "waive" the test requirement under section 401.5 if he took a test *between July 12, 1996, and July 12, 2002*, the phrase "on or after July 12, 1996[,]" in 34 Pa. Code § 401.4(a) cannot mean, as Petitioner claims, that a new applicant need only show that he passed a certification examination on *any* date *between July 12, 1996, and the present* in order to obtain certification.

Furthermore, Petitioner avers that any new applicant can provide test scores from a test taken on any date after July 12, 1996, in order to be certified; however, he has failed to provide any evidence other than his bald assertion that relevant test scores do not have an expiration date. Although there was no evidence provided regarding if, and when, tests expire, the renewal provisions of the UCC belie the notion that test scores are valid in perpetuity, or that a test score dated 1997, for example, would still be valid today. Renewal of certification assures that code administrators are up to date with the changes in the law, building codes, compliance regulations and new technologies.[9] If test scores were valid in perpetuity, there would be no reason to take continuing education or renew certifications. Thus, we do not concur with Petitioner's view that a new applicant who has never been certified in

_____

[9] Indeed, Act 45 has been altered 13 times since becoming law in 1999.

25

Pennsylvania could achieve certification today by providing evidence of a passing test score on any date or after July 12, 1996.

Accordingly, we find that the Department enforced the only interpretation of the regulations that gives full effect to all their provisions and treats similarly situated individuals the same in accordance with Petitioner's right to equal protection.

For all of the foregoing reasons, the order of the Secretary is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph D. Mellott,                 :
               Petitioner      :
                               :   No. 880 C.D. 2020
               v.              :
                               :
Department of Labor and Industry,  :
Bureau of Occupational and      :
Industrial Safety,               :
              Respondent   :

## ***ORDER***

AND NOW, this 19th day of August, 2021, the August 14, 2020 order of the Secretary of Labor and Industry is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge